United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, CEMENT MASONS APPRENTICESHIP AND TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>  Plaintiffs,<br><br>  v.<br><br>RBS WASHINGTON BLVD, LLC, a California Limited Liability Company,<br><br>  Defendant.<br>_____ / | No. C 09-00660 WHA<br><br>**ORDER GRANTING PLAINTIFFS LIQUIDATED DAMAGES AND INTEREST** |

In this action under the Employee Retirement Income Security Act, plaintiff trust funds have renewed their application for liquidated damages and interest. For the reasons that follow the application is **GRANTED**.

Default judgment was entered on January 8, 2010, on behalf of plaintiffs. Defendant was ordered to submit to an audit by auditors selected by plaintiffs and to pay plaintiffs $13,662.27 in unpaid contributions from 2006, $10,318.75 in attorney's fees and $795.75 in costs. Plaintiffs' request for liquidated damages and interest in the amount of $7,555.51 was denied, however, because plaintiffs failed to specify what portion of that amount was for liquidated damages versus interest nor how the interest rate was calculated.

Section 1132(g)(2) of ERISA requires that liquidated damages may not exceed 20 percent "(or such higher percentage as may be permitted under Federal or State law)" of the unpaid contributions amount. It also requires that interest on unpaid contributions be calculated "by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986." It was impossible to determine based on plaintiffs' earlier submissions whether the requirements of Section 1132(g)(2) regarding liquidated damages and interest had been fulfilled.

Now plaintiffs have submitted a supplemental declaration in support of their application for liquidated damages and interest. In accordance with the operative plan, liquidated damages were assessed at a flat fee of $150 per month (Hagan Decl. Exh. C at ¶ 8(G)). Plaintiffs seek liquidated damages for the months of October 2006 and November 2006 for a total of $300 in total liquidated damages. This is only about 2% of the amount of unpaid contributions and is therefore well within the acceptable boundaries of Section 1132(g)(2).

Plaintiffs also seek interest in the amount of $7,374.69. The operative plan provided a rate of 1.5% (Hagan Decl. Exh. C at ¶ 8(G)). Pursuant to the requirements of Section 1132(g)(2), this rate was multiplied by the number of months the contributions were delinquent, multiplied by the dollar amount of the contributions due and owing (Hagan Suppl. Decl. Exh. A at 2–3).

For good cause shown, plaintiffs' application is hereby **GRANTED**. Defendants are ordered to pay to plaintiffs liquidated damages in the amount of $300 and interest in the amount of $7,374.69.

**IT IS SO ORDERED.**

Dated: January 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2